Filed 6/24/16  P. v. Gonzales CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051432 |
| v. | (Super. Ct. No. 08NF1756) |
| DAVID ALAN GONZALES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Christopher Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

David Alan Gonzales appeals from a Proposition 47 resentencing order. He contends the trial court erred in sentencing him to one year of parole under Penal Code section 1170.18, subdivision (d), (all further undesignated statutory references are to this code unless otherwise indicated) because he already had completed his felony prison sentence. He also argues the trial court erred in failing to apply his excess custody credits to reduce his parole term, as well as his fines and fees. Finally, he argues the court erred by ordering him to register as a narcotics offender (Health & Saf. Code, § 11590.) Gonzales has now been discharged from parole and his fines have been deemed paid so we need not address these issues. The record does not support Gonzales's claim the court ordered him to register as narcotics offender. Accordingly, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

In September 2008, Gonzales pleaded guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and three misdemeanors (§ 148, subd. (a)(1) [resisting arrest]; Health & Saf. Code, § 11364 [possession of drug paraphernalia]; Veh. Code, § 12500 [driving without a license].) He admitted suffering a prior serious felony conviction for residential burglary in 2005 (§§ 459, 460 subd. (a)) within the meaning of the Three Strikes law (§ 667, subd. (d)), and three convictions within the meaning of section 667.5, subdivision (b). In November 2008, the court suspended a prison term and placed Gonzales on probation. Gonzales violated the terms of his probation on several occasions, and the court ultimately imposed a five-year prison term in November 2010.

In December 2014 and January 2015, Gonzales filed applications to reduce his methamphetamine conviction to a misdemeanor, alleging he had completed his sentence (§ 1170.18, subd. (f)). Alternatively, he petitioned the court to recall his felony conviction, reduce his conviction to a misdemeanor, and resentence him. At a hearing on January 5, 2015, defense counsel acknowledged Gonzales was currently on postrelease

2

community supervision (PRCS). [1] The court granted the motion under section 1170.18, subdivision (a), designated the offense to be a misdemeanor, imposed a 365-day jail term, awarded custody and conduct credit totaling 365 days, and over Gonzales's objection, imposed a one-year parole period under section 1170.18, subdivision (d).

Gonzales filed a notice of appeal on February 2, 2015. In August 2015, we granted Gonzales's request to augment the appellate record with the trial court's order dated July 23, 2015. The order reflects the court changed the sentence to 364 days, awarded Gonzales credits totaling five years and seven months, and immediately discharged him from parole because his credits exceeded the total sentence, including confinement time and parole. The court also deemed all remaining fines paid in full based on the excess credits.

II

DISCUSSION

In his opening brief filed in May 2015, Gonzales contends the trial court erred by denying his application to designate the felony as a misdemeanor under section 1170.18, subdivision (f), and by imposing parole (§ 1170.18, subd. (d)). He argues a person on PRCS is not "currently serving a sentence." (§ 1170.18, subd. (a).) Alternatively, he asserts the trial court erred in failing to apply his excess custody credits to reduce his parole term (cf. *People v. Morales* (June 16, 2016, S228030) ___ Cal.4th ___ [credit for time served does not reduce the parole period required by section 1170.18, subd. (d)]), and both his fines and fees. He also argues the court should have reduced the $200 restitution and parole revocation fines (§§ 1202.4, subd. (b)(1), 1202.45, subd. (a)) to the $100 minimum amount for misdemeanors. Finally, he argues the court erred in ordering him to register as a narcotics offender (Health & Saf. Code,

---

[1] In June 2015, we granted Gonzales's motion to augment the record on appeal with documents reflecting Gonzales was on PRCS in January 2015 at the time the court heard his application under section 1170.18.

3

§ 11590).  (Health & Saf. Code, § 11590, subd. (c); § 1170.18, subd. (k) [felony conviction designated a misdemeanor shall be considered a misdemeanor for all purposes].)

As noted, on July 23, 2015, the trial court discharged Gonzales from parole and deemed all remaining fines paid in full.  Because Gonzales is no longer on parole, there is no need to decide whether the trial court erred in determining he had not completed his sentence.  Because the court deemed all fines paid in full based on excess custody credits, there is no need to resolve whether the court should have reduced the restitution and parole revocation fines.  (See *Eye Dog Foundation v. State Board* (1967) 67 Cal.2d 536, 541 [duty of appellate court is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions or to declare principles or rules of law which cannot affect the matter in issue].)

Gonzales argues the court ordered him to register as a narcotics offender (Health & Saf. Code, § 11590), and the order must be stricken because it does not apply to a misdemeanor conviction of section 11377.  (Health & Saf. Code, § 11590, subd. (c); § 1170.18, subd. (k) [felony conviction designated a misdemeanor shall be considered a misdemeanor for all purposes].)  The Attorney General responds Gonzales agreed to register as part of a plea bargain and did not obtain a certificate of probable cause.

The record does not support Gonzales's claim the court ordered him to register as narcotics offender.  Although the trial court ordered him to register in November 2010, which is the order he cites, the court recalled that sentence in January 2015 and resentenced Gonzales to a misdemeanor.  The court did not order him to

register under section 11590 at the resentencing.  Accordingly, no order to register exists.[2]

III

DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.

---

[2]     We agree with Gonzales such an order would have been unauthorized.  If we are wrong and an order to register exists as a result of the current conviction, Gonzales can request the trial court to strike the order.